UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN VICKS (#426156)

VERSUS                                              CIVIL ACTION

SGT. JERRY HAMPTON                                  NUMBER 10-629-RET-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 24, 2011.

                                                   **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN VICKS (#426156)

VERSUS

SGT. JERRY HAMPTON

CIVIL ACTION

NUMBER 10-629-RET-DLD

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Jerry Hampton.[1] Plaintiff amended his complaint to add Gov. Bobby Jindal, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc and Warden Burl Cain as defendants. Plaintiff alleged that Sgt. Hampton failed to protect him from attack by a fellow inmate in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an

---

[1] Jerry Hampton was not served with the summons and complaint. A notation in the Remarks section of the Process Receipt and Return Form USM-285, record document number 8, stated that the Department of Corrections would not accept service on behalf of Jerry Hampton because "This individual is no longer employed with the La. D.O.C."

arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on March 17, 2010, another inmate reached inside his cell and cut him with a razor blade.  Plaintiff alleged that prior to the incident, he warned Sgt. Hampton that his attacker had made sexual advances towards him.  Plaintiff alleged that Sgt. Hampton failed to protect him from the attack in violation of his constitutional rights.

Plaintiff named Gov. Jindal, Secretary LeBlanc and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under §  1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that Gov. Jindal, Secretary LeBlanc and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under §  1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims against Gov. Jindal, Secretary LeBlanc

2

and Warden Cain have no arguable basis in fact or in law the claims against them should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims against Gov. Jindal, Secretary LeBlanc and Warden Cain be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). It is further recommended that the claims against Jerry Hampton be dismissed pursuant to Rule 4(m), Fed.R.Civ.P. and this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 24, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**